IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MATEER,<br><br>    Plaintiff,<br><br>  v.<br><br>INTEROCEAN AMERICAN SHIPPING CORP. and DOES 1–25,<br><br>    Defendants.<br>                                                                                  / | No. C 06-01642 WHA<br><br><br>**ORDER DENYING MOTION TO QUASH SUBPOENA AND REQUEST FOR ORDER TO WITHDRAW SUBPOENA** |

**INTRODUCTION**

In this sexual-harassment case, plaintiff Christina Mateer moves to quash a subpoena or, in the alternative, requests an order to defendants to withdraw the subpoena (Letters from Mathew Stephenson, counsel for plaintiff, to the Court (July 11 & 12, 2006). Defendant Interocean American Shipping Corp.'s subpoena is an attempt to find out why plaintiff was fired for "gross misconduct" by a previous employer. The reasons why she was fired may be relevant to the claims and defenses in the instant action. The motion and request are therefore **DENIED**.

**STATEMENT**

Plaintiff worked as a steward and baker aboard the CSX Expedition, a ship operated by CSX Lines, LLC, from December 20, 2002, through January 4, 2003. She was terminated for gross misconduct. Plaintiff later applied to work for defendant aboard the Mount Washington, a ship it operated. In considering her application, defendant checked her employment record.

That check showed the gross-misconduct termination (Letter from Stephenson (July 11), Exh. C). Defendant nevertheless hired her. She worked for defendant from March 30 to April 4, 2004.

Plaintiff later took a job with a different employer aboard the merchant vessel Patriot Pacific Gulf Marine. Defendant took over operation of the ship and retained almost the entire crew, including plaintiff. She claims that a seaman aboard the ship made unwelcome romantic overtures to her repeatedly, even after she asked him to stop. She reported his conduct to the captain. The captain allegedly responded by blaming her for the situation, refusing to pay her overtime and eventually firing her (Compl. ¶¶ 7–10). Plaintiff filed the instant action claiming that defendant is therefore liable for Title VII sexual harassment and retaliation, and Jones Act negligence.

On June 28, 2006, the United States District Court for the Western District of North Carolina issued a subpoena, at defendant's instigation, to Horizon Lines, LLC, seeking all records pertaining to plaintiff and to her service aboard, and discharge, from the CSX Expedition for the December 1, 2002, through January 31, 2003. (CSX Lines was sold after plaintiff's employment by the company. Its new owner renamed the company Horizon Lines.) The subpoenaed documents are due Tuesday, July 18, 2006 (Stephenson Letter (July 11), Exh. A).

On July 11, plaintiff asked the Court to "appropriately limit the scope of discovery so as to prevent the North Carolina employer [Horizon Lines] from producing documents not relevant to the instant action . . . ." The next day, plaintiff stated that "to the extent that the Court . . . does not have the authority to quash the subpoena at issue [because it was issued by a different court] . . . plaintiff requests that the Court direct defendant to withdraw said subpoena." After briefing by defendant, the matter was submitted on the filings. No hearing was held.

**ANALYSIS**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FRCP 26(b)(1). "Relevant information for purposes of

2

discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff claims that the information sought is not relevant. Plaintiff is wrong. *First*, plaintiff submitted a background-check form to defendant that failed to list her employment aboard the CSX Expedition, from which she was terminated. She omitted this information despite certifying as "correct and true" her response to an item that required a "list of all previous employers for the previous 24 months" (Stephenson Letter (July 11), Exh. E). Plaintiff claims that, because she ran out of room on the front of the form, she may have listed other employers on the reverse side, per the form's instructions. Although defendant did not produce to plaintiff the reverse side of the form, it now states that it has the original form and that the back of it is blank. Defendant offers to provide it to the Court (Letter from Kevin Odell, counsel for defendant, to the Court 2, n.1 (July 13)). Plaintiff's failure to report her employment aboard the CSX Expedition is relevant to her credibility, an issue which may be relevant to her claims if she is a witness. Although defendant raised this point in meet-and-confer correspondence, plaintiff has not responded to the relevance of this evidence to her credibility.

*Second*, the fact that plaintiff was fired for gross misconduct justifies defendant's interest in finding out the *type* of misconduct. Sexual misconduct may be relevant to plaintiff's subjective perception of the alleged harassment aboard the Patriot Pacific Gulf Marine. To make out a Title VII claim for harassment due to an abusive work environment, plaintiff must show that she subjectively perceived that environment was abusive. *See Harris v. Forklift Sys., Inc.* 510 U.S. 17, 21–22 (1993). Any public sexual misconduct aboard the CSX Expedition could be relevant to the types of workplace behavior she would consider abusive. The documents may also lead to interviews with plaintiff's fellow Expedition crew members, which also may be probative of her behavior in the workplace and, by inference, of what behavior she found abusive.

1 Plaintiff claims that the discovery is not relevant, however, because "in actions
2 involving workplace harassment, evidence of the alleged victim's 'sexual predisposition' or
3 'other sexual behavior' is inadmissible," citing Federal Rule of Evidence 412(a). A victim's
4 sexual behavior, however, *is admissible* if its "probative value substantially outweighs the
5 danger of harm to any victim and of unfair prejudice to any party." FRE 412(a)(2). It is
6 possible, therefore, that any sexual misconduct by plaintiff would be admissible. Plaintiff also
7 cites, without argument, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091 (9th Cir. 2002), claiming
8 that it is "directly on point with respect to the issue of the relevance of a plaintiff's sexual
9 activities in the workplace" (Stephenson Letter (July 12)). The decision held that the evidence
10 of the plaintiff's *private* sexual conduct was not probative of her perception of sexual behavior
11 *in the workplace*. *Id.* at 1105. Here, the records may reveal *public* sexual behavior that would
12 have probative value, not only *private* sexual acts. It therefore may have probative value.
13 Finally, plaintiff claims this evidence would not be relevant because it is character evidence that
14 would be inadmissible under Rule of Evidence 404(a) ("Evidence of a person's character or a
15 trait of character is not admissible for the purpose of proving action in conformity therewith on
16 a particular occasion . . . ."). Evidence of sexual misconduct, however, may be admissible
17 despite this rule if it is probative of a person's subjective *perception*, as opposed to the person's
18 actions on a particular occasion.

## CONCLUSION

20 Contrary to plaintiff's contentions, defendant is not merely fishing. It has substantial
21 reason to think that the subpoenaed records would lead to the discovery of admissible evidence.
22 The motion and request therefore are **DENIED**.*

**IT IS SO ORDERED.**

Dated: July 17, 2006

WILLIAM ALSUP

---

* Because the documents are discoverable, it is moot whether or not a judge in this district may quash a subpoena issued by another court.

4

1  UNITED STATES DISTRICT
2  JUDGE